UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:89-cr-268-T-23EAJ

JOSE PLACIDO ANGULO,

_____/

## O R D E R

Angulo's motion (Doc. 141), purportedly filed pursuant to Rule 60(b)(4), Federal Rules of Civil Procedure, and Rule 12(b)(2), Federal Rules of Criminal Procedure, is **DENIED**. Angulo unsuccessfully challenged his conviction and sentence in numerous post-conviction proceedings: motion to correct sentence (Doc. 75), which was denied on October 23, 1996 (Doc. 80); motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 94), which was denied on June 9, 2000 (Doc. 112); motion for downward departure (Doc. 123), which was denied on May 13, 2002 (Doc. 126); motion for relief from judgment (Doc. 127), which was denied on February 8, 2006 (Doc. 128); and motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 138), which was dismissed as successive on October 4, 2006 (Doc. 139). Also, the circuit court denied Angulo leave to file a second or successive Section 2255 motion to vacate sentence (Doc. 129).

Angulo's present motion (Doc. 141), in which he challenges the mandatory life sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(A), contests the determination that

one of his prior convictions was a qualifying felony. Angulo cannot use the Federal Rules of Civil Procedure to challenge a criminal conviction. <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that '[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature . . . . The judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case . . . . Rule 60(b) simply does not provide for relief from judgment in a criminal case, and as such the defendant cannot challenge the criminal forfeitures at issue under Fed.R.Civ.P. 60(b)."). Even if Angulo could proceed with a Rule 60(b) motion in this criminal case, Angulo's challenge, which attacks the rejection on the merits of his prior motions for post-conviction review, is not proper in a Rule 60(b) motion. <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005) (petitioner cannot use Rule 60(b) to "attack . . . the substance of the federal court's resolution of a claim on the merits. . . .").

ORDERED in Tampa, Florida, on September 11th, 2007.

Steven D. Merryday
UNITED STATES DISTRICT JUDGE

2