UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:89-cr-268-5-23EAJ

JOSE PLACIDO ANGULO
_____/

**ORDER**

Jose Placido Angulo was sentenced on March 1990 to a mandatory term of life imprisonment (more precisely, the life sentence is followed by a ten-year consecutive term). Angulo was convicted by a jury for a series of drug and firearms offenses. Based on earlier (and much less severe) drug convictions, the United States sought enhancement under 21 U.S.C. § 851. Now fifty-five, Angulo has served about twenty-eight-and-a-half years of his life sentence.

Angulo moves for a reduction in his sentence and bases his motion on *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Although *Holloway* says a great deal (at least from a particular point of view), the only aspect of *Holloway* that warrants mention on this occasion is that then-United States Attorney Loretta Lynch agreed to the extraordinary and unprecedented remedy that the district judge requested and that *Holloway* awards. Of course, the United States Attorney's agreement effects no change in either the law of sentencing or the law of post-judgment relief; the United States Attorney's agreement served the more utilitarian and somewhat collusive purpose of preserving the agreed order from appellate

review.  Also, the United States Attorney's agreement permitted the district judge to announce without contradiction (or even discussion) in the record:

> The use of this power poses no threat to the rule of finality, which serves important purposes in our system of justice. There are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly.

68 F. Supp. 3d at 316.  Whatever the merits of the judge's prediction, this statement confirms that even to those who believe in the validity of the remedy in *Holloway*, the United States' agreement is essential.

In other words, central to the stated justification (such as it is) for the result in *Holloway* is consent by the United States Attorney (*Holloway* says "the Department of Justice" but the opinion mentions consent by the United States Attorney, not "Central Justice").  In this instance, the United States responds (Doc. 177) to the motion with a perfunctory but unequivocal opposition to Angulo's motion.  Even if correctly decided, *Holloway* is inapplicable.

The motion (Doc. 174) is **DENIED**.  *United States v. Khang Kien Tran*, 2018 WL 2750222 (D. Haw. June 7, 2018); *United States v. Hendrix*, 218 WL 1064705 (N.D. Ill. Feb. 27, 2018); *Whitt v. United States*, 2017 WL 5257709 (N.D. Ind. Nov. 13, 2017).

ORDERED in Tampa, Florida, on August 22, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE